MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SIMON ROJANO, *individually and on behalf*
*of others similarly situated,*
                                    *Plaintiff,*

                    -against-

ENERGY FUEL CAFE, INC. (d/b/a ENERGY
FUEL CAFE) and SONY BARIBARI,
                                    *Defendants.*
-------------------------------------------------------X

                                         **COMPLAINT**

                              **COLLECTIVE ACTION UNDER**
                                  **29 U.S.C. § 216(b)**

                                        **ECF Case**

        Plaintiff Simon Rojano ("Plaintiff Rojano" or "Mr. Rojano"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace Esq., upon his

knowledge and belief, and as against Energy Fuel Cafe, Inc. (d/b/a Energy Fuel Cafe), ("Defendant

Corporation") and Sony Baribari, ("Individual Defendant"), (collectively, "Defendants"), alleges

as follows:

                              <u>**NATURE OF ACTION**</u>

        1.      Plaintiff Rojano is a former employee of Defendants Energy Fuel Cafe, Inc. (d/b/a

Energy Fuel Cafe) and Sony Baribari.

        2.       Defendants own, operate, or control a restaurant, located at 606A Fifth Avenue,

Brooklyn, NY 11215 under the name "Energy Fuel Cafe".

        3.      Upon information and belief, individual Defendant Sony Baribari, serves or served

as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity,

operates or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Rojano was employed as a delivery worker at the restaurant located at 606A Fifth Avenue, Brooklyn, NY 11215.

5.    Plaintiff Rojano was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to food preparation, washing the dishes, sweeping and mopping, accommodating deliveries, taking out the garbage, cleaning the basement, bringing up sodas and other drinks from the basement and accommodating them in the refrigerator and assisting the cook (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Rojano worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked AND failed to pay Plaintiff Rojano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Rojano the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants employed and accounted for Plaintiff Rojano as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Rojano at a rate that was lower than the required tip-credit rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rojano's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rojano's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Rojano at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Rojano's and other tipped employees' tips and made unlawful deductions from Plaintiff Rojano's and other tipped employees' wages.

14. Defendants' conduct extended beyond Plaintiff Rojano to all other similarly situated employees.

15. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rojano and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16. Plaintiff Rojano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6

(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Rojano seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rojano's state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Rojano was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.    Plaintiff Simon Rojano ("Plaintiff Rojano" or "Mr. Rojano") is an adult individual residing in Kings County, New York.

21.    Plaintiff Rojano was employed by Defendants at Energy Fuel Cafe from approximately 2016 until on or about January 11, 2025.

22.    Plaintiff Rojano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.    At all relevant times, Defendants own, operate, or control a restaurant, located at 606A Fifth Avenue, Brooklyn, NY 11215under the name "Energy Fuel Cafe".

24.    Upon information and belief, Energy Fuel Cafe, Inc. (d/b/a Energy Fuel Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 606A Fifth Avenue, Brooklyn, NY 11215.

25.    Defendant Sony Baribari is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sony Baribari is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sony Baribari possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rojano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a restaurant located in the Park Slope section of Brooklyn in New York City.

27.    Individual Defendant, Sony Baribari, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Rojano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rojano, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Rojano (and all similarly situated employees) and are Plaintiff Rojano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Rojano and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendant Sony Baribari operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.   At all relevant times, Defendants were Plaintiff Rojano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rojano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rojano's services.

34.   In each year from 2019 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.   Plaintiff Rojano is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.   Plaintiff Rojano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Simon Rojano*

- 7 -

38.    Plaintiff Rojano was employed by Defendants from approximately 2016 until on or about January 11, 2025.

39.    Defendants ostensibly employed Plaintiff Rojano as a delivery worker.

40.    However, Plaintiff Rojano was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.    Although Plaintiff Rojano ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.    Plaintiff Rojano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.    Plaintiff Rojano's work duties required neither discretion nor independent judgment.

44.    Throughout his employment with Defendants, Plaintiff Rojano regularly worked in excess of 40 hours per week.

45.    From approximately March 2019 until on or about January 11, 2025, Plaintiff Rojano worked from approximately 10:00 a.m. until on or about 10:15 p.m. Mondays, Thursdays and Fridays and from approximately 4:00 p.m. until on or about 10:30 p.m. on Sundays (typically 43.15 hours per week).

46.    Throughout his employment with Defendants, Defendants paid Plaintiff Rojano his wages in a combination of check and cash.

47.    From approximately March 2019 until on or about March 2020 and from approximately June 2020 until on or about January 11, 2025, Defendants paid Plaintiff Rojano $7.50 per hour.

48.    From approximately March 2020 until on or about June 2020 ,  Defendants paid Plaintiff Rojano $3.50 per hour.

49.    Plaintiff Rojano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.    For example, Defendants required Plaintiff Rojano to work an additional 15 minutes past his scheduled departure time Mondays, Thursday  and Fridays and 30 minutes past his scheduled departure time on Sundays, and did not pay him for the additional time he worked.

51.    Defendants never granted Plaintiff Rojano uninterrupted breaks or meal periods of any kind.

52.    Plaintiff Rojano was never notified by Defendants that his tips were being included as an offset for wages.

53.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rojano's wages.

54.    Defendants withheld a portion of Plaintiff Rojano's tips; specifically, Defendants pocketed $30 of a $60 tip a customer wrote to Plaintiff Rojano once.

55.    Although Plaintiff Rojano was required to keep track of his time, Defendants required him to punch out at his scheduled departure time and continue working every day.

56.    In addition, as a prerequisite to release his weekly pay, Defendants required Plaintiff Rojano to sign a book, the contents of which falsely showed him only working his scheduled hours.

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rojano regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not provide Plaintiff Rojano an accurate statement of wages, as required by NYLL 195(3).

59.    In fact, Defendants adjusted Plaintiff Rojano's paystubs so that they reflected inaccurate hours worked.

60.     Defendants did not give any notice to Plaintiff Rojano, in English and in Spanish (Plaintiff Rojano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Rojano to purchase "tools of the trade" with his own funds—including six helmets, fifteen raincoats, four electric bikes3 I phones , and monthly electric bicycle maintenance and repairs.

*Defendants' General Employment Practices*

62.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rojano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

63.     Plaintiff Rojano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

64.     Defendants' pay practices resulted in Plaintiff Rojano not receiving payment for all his hours worked, and resulted in Plaintiff Rojano's effective rate of pay falling below the required minimum wage rate.

65.     Defendants habitually required Plaintiff Rojano to work additional minutes beyond his regular shifts but did not provide him with any additional compensation.

66.     Defendants required Plaintiff Rojano and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

67.     Plaintiff Rojano and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

68.     Plaintiff Rojano's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

69.     Plaintiff Rojano and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

70.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Rojano's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

71.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

72.     In violation of federal and state law as codified above, Defendants classified Plaintiff Rojano and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

73.     Defendants failed to inform Plaintiff Rojano who received tips that Defendants intended to take a deduction against Plaintiff Rojano's earned wages for tip income, as required by the NYLL before any deduction may be taken.

74.    Defendants failed to inform Plaintiff Rojano who received tips, that his tips were being credited towards the payment of the minimum wage.

75.    Defendants failed to maintain a record of tips earned by Plaintiff Rojano who worked as a delivery worker for the tips he received.

76.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

77.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Rojano worked.

78.    Defendants required Plaintiff Rojano to sign a book which falsely  showed him working only his scheduled hours, in order to release his weekly pay.

79.    Defendants paid Plaintiff Rojano his wages in a combination of check and cash.

80.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

81.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rojano (and similarly situated individuals) worked, and to avoid paying Plaintiff Rojano properly for his full hours worked.

82.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

83.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rojano and other similarly situated former workers.

84.     Defendants failed to provide Plaintiff Rojano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

85.     Defendants failed to provide Plaintiff Rojano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.     Plaintiff Rojano brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

87.    At all relevant times, Plaintiff Rojano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

88.    The claims of Plaintiff Rojano stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**
## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

89.    Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

90.    At all times relevant to this action, Defendants were Plaintiff Rojano's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rojano (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

91.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.    Defendants failed to pay Plaintiff Rojano (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.     Defendants' failure to pay Plaintiff Rojano (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiff Rojano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

96.     Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rojano (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.     Defendants' failure to pay Plaintiff Rojano (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Rojano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

100.    Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

101.    At all times relevant to this action, Defendants were Plaintiff Rojano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Rojano, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

102.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rojano less than the minimum wage.

103.    Defendants' failure to pay Plaintiff Rojano the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Rojano was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

105.    Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rojano overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.    Defendants' failure to pay Plaintiff Rojano overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Rojano was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

109.    Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants failed to pay Plaintiff Rojano one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rojano's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

111.    Defendants' failure to pay Plaintiff Rojano an additional hour's pay for each day Plaintiff Rojano's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

112.    Plaintiff Rojano was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

113.    Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to provide Plaintiff Rojano with a written notice, in English and in Spanish (Plaintiff Rojano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115.    Defendants are liable to Plaintiff Rojano in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

116.    Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

117.    With each payment of wages, Defendants failed to provide Plaintiff Rojano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.    Defendants are liable to Plaintiff Rojano in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

119.    Plaintiff Rojano repeats and realleges all paragraphs above as though fully set forth herein.

120.    Defendants required Plaintiff Rojano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

121.    Plaintiff Rojano was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rojano respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rojano and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rojano and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rojano's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rojano and the FLSA Class members;

(f)    Awarding Plaintiff Rojano and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Rojano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rojano;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rojano;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Rojano;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rojano's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Rojano;

(m)     Awarding Plaintiff Rojano damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Rojano damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Rojano liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to

NYLL § 198(3);

(p)    Awarding Plaintiff Rojano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Rojano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rojano demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
       March 26, 2025

MICHAEL FAILLACE ESQ.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*